Filed 8/18/23  P. v. Hernandez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EDGAR MEJIA HERNANDEZ,<br><br>    Defendant and Appellant. | G062207<br><br>(Super. Ct. No. 05NF3238)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Robert A. Knox, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*    \*    \*

In 2007, a jury convicted Edgar Mejia Hernandez of attempted murder (Pen. Code,[1] §§, 664, subd. (a), 187, subd. (a)) along with related charges; it also found true the allegation that Hernandez personally discharged a firearm which caused great bodily injury.

The trial court sentenced Hernandez to life in prison with the possibility of parole on the attempted murder charge, plus a consecutive term of twenty-five years to life for the gun enhancement. We affirmed his conviction. (*People v. Hernandez* (June 11, 2008, G039235) [nonpub. opn.].)

In 2022, without the assistance of counsel, Hernandez filed a petition for resentencing pursuant to section 1170.95 (later renumbered 1172.6). The trial court appointed counsel to represent him. The People filed a written response, and Hernandez filed a brief in support of his petition. In early 2023, the court denied the petition after concluding Hernandez had failed to make a prima facie showing that he was entitled to relief. Hernandez filed a timely notice of appeal from that ruling.

We appointed counsel to represent Hernandez on appeal. After conducting his analysis of potential appellate issues, counsel informed us in his declaration that he had reviewed the appellate record and consulted with a staff attorney at Appellate Defenders, Inc., who also reviewed the record. Counsel then filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, suggesting that he was unable to find an issue to argue on Hernandez's behalf. While not arguing against his client, counsel set forth the facts of the case and asked this court to conduct its own independent review of the appellate record.

---

[1] All statutory references are to the Penal Code.

Counsel also advised Hernandez of his right to file a written argument on his own behalf; he has not done so. Like counsel, we have been unable to find any arguable appellate issue. We therefore affirm.

**FACTS**

We extract the relevant facts from our prior opinion.

"One evening when Malena Garcia and her husband, Jorge Venegas, were driving, they came to a black car stopped in the street. After Venegas honked his horn, the car moved out of the way, and Garcia and Venegas drove by. When they stopped at a red light, the black car pulled up beside them. Defendant, who was the driver, began screaming and raised his hands in a '[w]hat's up' gesture. Two shots were then fired. Venegas and Garcia found a bullet hole in the fender. The police also found bullet fragments on the floorboards." (*People v. Hernandez*, *supra*, G039235.)

When police investigators later contacted Hernandez, he admitted to the shooting. As reported in our prior opinion, Hernandez explained "he shot at the car because it had repeatedly honked at him and was driving too close behind him; that made him angry." (*People v. Hernandez, supra,* G039235.)

**DISCUSSION**

Although we are not required to do so in postjudgment appeals, we exercise our discretion to review this record for error pursuant to the discretion afforded us in *People v. Delgadillo* (2022) 14 Cal.5th 216, 230. Although he makes no argument on his client's behalf, counsel suggests that we consider this question: "Did the trial court err in denying the petition, finding that a prima facie case was not established, and not issuing an order to show cause?"

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess., Senate Bill 1437) was enacted to limit the scope of the traditional felony murder rule; it also eliminated the natural and probable consequences theory for murder. (*People v.*

3

*Lewis* (2021) 11 Cal.5th 952, 957).  Pursuant to Senate Bill 1437, murder liability can no longer be "imposed on a person who [was] not the actual killer, [who] did not act with the intent to kill, or [who] was not a major participant in the underlying felony who acted with reckless indifference to human life."  (*Lewis, supra*, at p. 959).

Senate Bill No. 775 (2021-2022 Reg. Sess.), effective January 1, 2022, amended former section 1170.95 to expand the scope of potential relief available under that section.  The amended section expressly permits defendants like Hernandez, who were convicted of attempted murder, to seek resentencing.

Pursuant to section 1172.6, Hernandez was required to make a prima facie showing in the trial court that he is entitled to resentencing.  (*Lewis, supra,* 11 Cal.5th at p. 960).  The pivotal question the trial court must resolve at the prima facie stage of its analysis is whether a petitioner is ineligible for resentencing as a matter of law.  (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101).  Our review is de novo.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

A prima facie showing is not made if the record of conviction available to the trial court establishes as a matter of law that the petitioner is ineligible for resentencing.  That was the case here.  The court explained its thinking in a detailed written statement of decision:  "The People correctly note that petitioner is ineligible for relief as a matter of law because the court did not instruct the jury as to the natural and probable consequences doctrine (i.e. CALCRIM 403).  The jury instructions do not reference natural and probable consequences or any other theory of vicarious liability that could have improperly imputed the intent to kill based on petitioner's participation in another offense, nor do the instructions include any mention of another perpetrator.  The jury only received CALCRIM 600 and 601, which required that the jury find that petitioner acted with intent to kill in order to convict him of attempted murder.  Juries are presumed to follow the instructions given.  (See e.g. *People v Van Winkle* (1999) 75 Cal.App.4th 133, 148.)  The jury's guilty verdict thus necessarily establishes that it

4

found petitioner acted with specific intent to kill when he committed the attempted murder. As such, he would still be guilty of attempted murder under the current version of Pen. Code, § 188 and is ineligible for relief under Pen. Code § 1172.6."

We agree with the trial court (and parenthetically observe we could scarcely have said it better). Pursuant to section 1172.6, Hernandez was required to make a prima facie showing in the trial court that he is legally entitled to be resentenced. (*Lewis, supra* 11 Cal.5th at p. 960.) As the Supreme Court observed in *Lewis*, "the record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971.) Since the record of conviction here demonstrates the jury necessarily found Hernandez acted with the specific intent to kill when he committed the crime of attempted murder, section 1172.6 affords him no relief.

We have examined the entire record and, like counsel, have found no other arguable issue for Hernandez to pursue on appeal. Generally speaking, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.) We find no such issue in this record.

5

## DISPOSITION

The postjudgment order is affirmed.


                                        GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J.